UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO ESTUARDO TOJ COS,<br><br>                Petitioner,<br><br>v.<br><br>PATRICIA HYDE, Field Office Director, MICHAEL KROL, HSI New England Special Agent in Charge, and TODD LYONS, Acting Director U.S. Immigrations and Customs Enforcement, and KRISTI NOEM, U.S. Secretary of Homeland Security,<br><br>                Respondents. | Case No. 25-cv-11261 |

**PETITIONER'S RESPONSE TO COUR ORDER DKT. 8**

Mr. Mario Estuardo Toj Cos respectfully files this response to court order stating the Habeas Petition will be denied absent compelling counterargument. *See* Dkt. 8. As explained below, although Mr. Mario Estuardo Toj Cos prevailed at his bond hearing and is no longer in jail, U.S. Immigration and Customs Enforcement ("ICE") is unlawfully subjecting him to an alternative form of custody: 24/7 GPS monitoring of his location and activities through a monitor attached to his leg, implemented with onerous conditions through ICE's Intensive Supervision Appearance Program ("ISAP"). The Immigration Judge ordered certain conditions of release, but did *not* authorize or order GPS monitoring or ISAP as a condition. The government should be ordered to release Mr. Mario Estuardo Toj Cos from these unlawful additional infringements on his liberty forthwith.

1

## **SUMMARY OF FACTS**

The facts of Mr. Mario Estuardo Toj Cos' situation are summarized in his May 7, 2025 petition for writ of habeas corpus. *See* Dkt. 1. That prior submission argued that Mr. Mario Estuardo Toj Cos' detention is unlawful because he was detained without cause by U.S. Immigration and Customs Enforcement on May 7, 2025. On May 19, 2025 the Court entered an order that the Petition would be denied on May 26, 2025 absent compelling counterargument from petitioner. *See* Dkt. 8. Time for filing this response was extended until May 30, 2025. *See* Dkt. 10.

On May 22, 2025, Mr. Mario Estuardo Toj Cos received his bond hearing. The Immigration Judge ordered him to be released on $1,500 bond. *See* Immigration Judge Bond Order, Ex. 1. The Immigration Judge also imposed the generic release conditions that he must attend his hearings, update his address, and comply with the laws of the United States. The bond order did not order GPS monitoring as a condition of release. The bond order did not impose any location-based conditions, such as travel restrictions, an exclusion zone, a curfew, or house arrest. The bond order did not authorize ICE to select any additional conditions that had not been ordered by the Immigration Court. *See* Immigration Judge Bond Order, Ex. 1.

Family members initially attempted to pay the bond on Friday, May 23, 2025 but was unable to do so because they were told the computers were down. As a result, Mr. Mario Estuardo Toj Cos spent an additional 4 days in jail as it was a long weekend. When he was finally released on Tuesday, May 27, 2025, ICE placed him into a new form of custody—24/7 GPS monitoring—without authorization from the Immigration

2

Judge and contrary to the limited scope of conditions selected by the Immigration Judge at the bond hearing. Further, ICE apparently enrolled Mr. Mario Estuardo Toj Cos in its "Intensive Supervision Appearance Program," or "ISAP," which generally involves other onerous conditions such as remote or in-person reporting requirements and home visits. *See* Exhibit 2. Counsel cannot in good conscience conclude this case while Mr. Mario Estuardo Toj Cos is being subjected to custody in the form of an unauthorized 24/7 electronic surveillance device affixed to his body

## ARGUMENT

Mr. Mario Estuardo Toj Cos is still in custody, albeit a different form of custody. He is being required to wear a 24/7 GPS monitoring device on his ankle. That device allows ICE to observe his every movement. ICE will not only be able to develop a detailed picture of Mr. Mario Estuardo Toj Cos' routine activities but also will be able to gather information about highly personal activities, such as which doctors' offices he might visit and what lawyers he might consult with. In addition, ICE apparently enrolled Mr. Mario Estuardo Toj Cos in an intensive supervision program, which will likely require such conditions as remote or physical check-ins and even home visits, notwithstanding that the Immigration Judge ordered his release on minimum bond with only generic conditions to update his address, attend hearings, and follow the law. *See* Exhibit 2. Although Mr. Mario Estuardo Toj Cos is not in jail, his freedoms and privacy are being so severely curtailed that he remains within the definition of "custody" for habeas purposes. *See Jones v. Cunningham*, 371 US. 236, 243 (1963) (parolee "in custody" due to "conditions which significantly confine and restrain his freedom").[1]

---

[1] *See also Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 300-01 (1984) (holding that petitioner released on recognizance subject to conditions such as appearance as ordered by court

3

Second, this infringement on Mr. Mario Estuardo Toj Cos' freedom and privacy is illegal. He received a bond hearing because he is eligible for release on bond and conditions. *See* 8 U.S.C. § 1226(a). Where a bond hearing has been requested, the decision on bond and conditions is made by the Immigration Judge alone, based on the due process provided in the bond hearing. *See* 8 C.F.R. §§ 1003.19, 1236.1(d). Even if ICE is dissatisfied with the outcome of that process, there is no authority for ICE to unilaterally impose additional conditions of release without the Immigration Judge's authorization and without any other due process being provided to the noncitizen. *Cf. Hernandez-Lara v. Lyons*, 10 F.4th 19, 40 (1st Cir. 2021). Thus, Mr. Mario Estuardo Toj Cos is being deprived of his liberty unlawfully in violation of the Fifth Amendment due process requirements. In this instance, the additional conditions unilaterally imposed by ICE in violation of the Immigration Court's bond order constitute a massive, warrantless, and unreasonable invasion of his privacy, in violation of his Fourth Amendment rights. *See Grady v. North Carolina*, 575 U.S. 306, 309-10 (2015) (per curiam) (requirement to wear tracking device in civil context constitutes Fourth Amendment search); *see also Carpenter v. United States*, 585 U.S. 296, 313 (2018) (cell phone location tracking invaded reasonable expectation of privacy when it functioned "as if [the government] had attached an ankle monitor to the phone's user").

---

"in custody" for habeas purposes); *Ali v. Napolitano*, No. 12-11384, 2013 WL 3929788, at *3 (July 26, 2013) (holding noncitizen granted withholding of removal but subject to order of supervision, including biennial reporting requirement, "in custody"); *Parsons v. Gilbert*, No. 1:16-cv-02343, 2018 WL 835661, at *4 (Feb. 13, 2018) (finding § 1983 plaintiff to be in custody in part because plaintiff "suffered from a complete lack of freedom" with respect to ankle monitor); *accord Peyton v. Rowe*, 391 U.S. 54, 64 (1968) (holding that the custody requirement "should be liberally construed").

4

5

        Respectfully submitted,
        *Counsel for Petitioner*


        */s/Justin R. Dashner*
        Justin R. Dashner, Esq.
        BBO# 688786
        90 Canal Street, Fourth Floor
        Boston, MA 02114
        617) 871-9765
        justin@dashnerlawfirm.com

Dated: May 29, 2025

Certificate of Service

I, the undersigned, do hereby certify that I have today served this motion on the Defendants by directing a copy through the electronic filing service provider.

5/29/2025                                              */s/Justin R. Dashner*
                                                            Justin R. Dashner, Esq.
                                                            BBO# 688786
                                                            90 Canal Street, Fourth Floor
                                                            Boston, MA 02114
                                                            (617) 871-9765
                                                            Justin @dashnerlawfirm.com