UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO ESTUARDO TOJ COS,<br><br>Petitioner,<br><br>v.<br><br>PATRICIA HYDE, *et al.*,<br><br>Respondents. | No. 25-cv-11261-BEM |

**RESPONDENTS' OPPOSITION TO**
**PETITIONER'S RESPONSE TO COURT ORDER (Doc. No. 11)**

This Court should deny Petitioner Mario Estuardo Toj Cos's request for an order that U.S. Immigration and Customs Enforcement ("ICE") remove certain conditions of his release. Petitioner no longer is "in custody" as required to obtain habeas relief under 28 U.S.C. § 2241. Petitioner left ICE detention on May 27, 2025. Pet.'s Response to Court Order (May 29, 2025), Doc. No. 11 at 2. And Petitioner has not established that ICE's imposition of GPS monitoring or placement of Petitioner in ICE's Intensive Supervision Appearance Program ("ISAP") render Petitioner "in custody" for purposes of his habeas petition.

Instead, Petitioner may challenge the GPS-monitoring and ISAP conditions in Immigration Court, as he already is doing. *See* 8 C.F.R. § 1236.1(d)(1). After Petitioner asked this Court to order removal of the GPS-monitoring and ISAP conditions (Doc. No. 11), an Immigration Judge ("IJ") denied Petitioner's request to change these release conditions because they "are not unreasonable to ameliorate flight risks attendant in the case until its completion." Ex. 1, Order of the Immigration Judge (June 9, 2025), at 1. Petitioner now may appeal the IJ's decision to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1236(d)(3)(i).

Accordingly, the Court should deny Petitioner's request for discharge of the GPS-monitoring and ISAP conditions and dismiss the habeas petition.

## I.    BACKGROUND

On May 7, 2025, Petitioner filed a habeas petition requesting immediate release from ICE custody. Petition for Writ of Habeas Corpus (May 7, 2025), Doc. No. 1 at 3. On May 15, 2025, Respondents opposed the petition on the grounds that this Court lacks jurisdiction to review ICE's decisions to arrest and detain Petitioner, and that Petitioner instead may seek release before an Immigration Judge ("IJ"). Respondents' Opp. to Pet. for Writ of Habeas Corpus (May 15, 2025), Doc. No. 7 at 1.

On May 18, 2025, the Court entered an electronic order:

> Respondents state that Petitioner is being detained pending removal pursuant to 8 U.S.C. s. 1226(a). Dkt. [7] at 2. Respondents further state that formal removal proceedings have been initiated and are currently before the immigration court. *Id.* Assuming these facts to be true, the Court sees no basis for granting the petition and accordingly will deny the petition on Monday, May 26, 2025, absent compelling counterargument.

Electronic Order (May 19, 2025), Doc. No. 8.

In response to the Court's Order, Petitioner argues that "although [Petitioner] prevailed at his bond hearing and is no longer in jail, [ICE] is unlawfully subjecting him to an alternative form of custody: 24/7 GPS monitoring of his location and activities through a monitor attached to his leg, implemented with onerous conditions through ICE's [ISAP]." Pet.'s Response to Court Order (May 29, 2025), Doc. No. 11 at 1. Petitioner requests that the Court order ICE to remove these conditions of release. *Id*.

II.     ARGUMENT

    A.     **The Petition is Moot Because Petitioner was Released from ICE Detention**

Petitioner's habeas petition asked the Court to "[i]ssue a Writ of Habeas Corpus ordering Respondents to release petitioner immediately." Petition for Writ of Habeas Corpus (May 7, 2025), Doc. No. 1 at 3. Petitioner's release from ICE detention gave him that relief. Accordingly, the Court should dismiss the petition as moot.

Article III of the Constitution limits the judicial power of the United States to resolving "Cases" or "Controversies." U.S. Const. art. III, § 2. The Constitution requires that an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974). "The case or controversy requirement ensures that courts do not render advisory opinions." *Overseas Military Sales Corp., Ltd v. Giralt-Armada*, 503 F.3d 12, 16-17 (1st Cir. 2007). The First Circuit has held that a "case is moot . . . when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome." *Id*. at 17 (quoting *Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir. 2001)).

Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate its merits. U.S. Const. art. III, § 2; *see also U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 21-22 (1994); *Ashcroft v. Mattis*, 431 U.S. 171, 172-3 (1977) (explaining that an action that has become moot fails to present a justiciable case or controversy within the meaning of Article III); *Overseas Military Sales Corp.*, 503 F.3d at 17 (holding that dismissal of a moot action is "compulsory").

Here, Petitioner admits that he was released from ICE custody on May 27, 2025. Pet.'s Response to Court Order (May 29, 2025), Doc. No. 11 at 2. Petitioner's release moots the relief

3

sought in the petition and deprives this Court of habeas jurisdiction. *See, e.g.*, Order, *Ali v. Smith*, No. 1:17-cv-11689-GAO, Doc. No. 9 (D. Mass. Jan. 11, 2018) (granting respondent's motion to dismiss for mootness because petitioner no longer was in ICE custody); Order of Dismissal, *Lopez v. Hodgson*, No. 18-cv-10603-RGS, Doc. No. 8 (D. Mass. Apr. 20, 2018) (dismissing habeas petition "in light of the representation that petitioner has been released from custody"); *Verde-Llanes v. Moniz*, No. 17-cv-11894-LTS, Doc. No. 18 (D. Mass. Jan. 17, 2018) ("In light of the status report . . . and the supporting affidavit reflecting that ICE has released the petitioner from custody, the pending habeas petition is dismissed without prejudice as moot").

**B.     ICE's Conditions of Release Do Not Render Petitioner "in Custody"**

To the extent the Petition seeks relief that is not moot, the Court lacks jurisdiction because Petitioner no longer is "in custody" as required for his habeas petition to proceed. Section 2241(c)(3) of Title 28 of the United States Code limits habeas relief to individuals "in custody in violation of the Constitution or laws or treaties of the United States."  "The custody requirement 'is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty.'" *Ali v. Napolitano*, No. 12-cv-11384-FDS, 2013 WL 3929788, at *2 (D. Mass. Jul. 26, 2013) (quoting *U.S. ex rel. Bailey v. U.S. Commanding Officer of Office of Provost Marshal, U.S. Army*, 496 F.2d 324, 325-26 (1st Cir. 1974)).  The Supreme Court has "very liberally construed the 'in custody' requirement for purposes of federal habeas." *Maleng v. Cook*, 490 U.S. 488, 492 (1989).  But even where "[r]estraints short of incarceration may satisfy the 'in custody' requirement for habeas relief," the restraint "must significantly compromise the individual's 'liberty to do those things which in this country free men are entitled to do.'" *López López v. Charles*, No. 12-cv-10145-DJC, 2020 WL 419598, at *3 (D. Mass. Jan. 26, 2020) (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)).

Consistent with this authority, courts in this district have suggested that a petitioner is released from custody even if subject to GPS monitoring. *See Castaneda v. Souza*, 952 F. Supp. 2d 307, 309 n.2 (D. Mass. 2013) (stating that the Government "complied with" the Court's order granting a habeas petition "by ICE choosing to release [petitioner] on her own recognizance and pursuant to GPS monitoring"); *see also Lemonious v. Streeter*, No. 19-cv-30038-MGM, 2020 WL 3713032, at *2, 4  (D. Mass. 2020) (referring to "GPS monitoring" as an "alternative condition[] of release" in the immigration context).

On the other hand, at least one court in this district has held that "it is at least plausible" for GPS monitoring to render an individual "in custody" where such monitoring limits "when he can travel, where he can reside, with whom he can associate, what information he may keep confidential, and the type of employment in which he can engage[.]"  *López López*, 2020 WL 419598, at *3 (citing *Ali*, 2013 WL 3929788, at *4).  But Petitioner does not allege that he is so restricted here. *See Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to an unlawful detention is on the petitioner.").  Instead, the most Petitioner claims is that GPS monitoring will allow ICE to "gather information about [Petitioner's] highly personal activities, such as which doctors' offices he might visit and what lawyers he might consult with."  Pet.'s Response to Court Order (May 29, 2025), Doc. No. 11 at 3. And Petitioner claims his enrollment in ISAP may subject him to "remote or in-person reporting requirements and home visits." *Id*.  But none of those allegations give rise to a finding that Petitioner remains in "custody." *Compare, e.g.*, *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist., Santa Clara Cnty.*, 411 U.S. 345, 351, 353 (1973) (holding that petitioner was in custody while released on his own recognizance because, among other things, his "freedom of

5

movement rest[ed] in the hands of state judicial officers, who [could] demand his presence at any time and without a moment's notice").

### C.  ICE May Impose Conditions as Part of Conditional Parole

Even if Petitioner remains "in custody" due to his release conditions, ICE has authority to impose those conditions as part of "conditional parole" under 8 U.S.C. § 1226(a)(2).  *See* 8 C.F.R. §§ 236.1(c)(8) (permitting ICE to release an individual "under the conditions at" § 1226(a)(2)), 1236.1(c)(8).  And ICE's "discretionary judgment regarding the application of" § 1226(a)(2) "shall not be subject to review."  8 U.S.C. § 1226(e).

Accordingly, Petitioner's avenue for relief is not with the district court but, rather, with an IJ pursuant to 8 C.F.R. § 1236.1(d)(1):

> After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 C.F.R. part 1240 becomes final, request amelioration of the conditions under which he or she may be released.  Prior to such final order, and except as otherwise provided in this chapter, the immigration judge is authorized to exercise the authority in section 236 of the Act (or section 242(a)(1) of the Act as designated prior to April 1, 1997 in the case of an alien in deportation proceedings) to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released, as provided in § 1003.19 of this chapter. If the alien has been released from custody, an application for amelioration of the terms of release must be filed within 7 days of release.

Here, after Petitioner was released from ICE custody, he went before an IJ on June 9, 2025, to "request[] a custody redetermination pursuant to 8 C.F.R. § 1236."  Ex. 1, Order of the Immigration Judge (June 9, 2025), at 1.  The IJ considered whether to change Petitioner's conditions of release pursuant to 8 C.F.R. § 1236.1(d)(1).  *Id*.  "After full consideration of the evidence presented," the IJ denied Petitioner's request to change his release conditions because "those conditions are not unreasonable to ameliorate flight risks attendant in the case until its completion."  *Id*.  Petitioner now may appeal the IJ's decision to the Board of Immigration

Appeals ("BIA"), 8 C.F.R. § 1236(d)(3)(i), but this Court cannot grant him relief from the challenged conditions, 8 U.S.C. § 1226(e).[1]

In the alternative, Petitioner's right to appeal his release conditions to the BIA amounts to an administrative remedy that Petitioner has failed to exhaust, which provides another basis to dismiss the petition. "Generally speaking, a plaintiff's failure to exhaust her administrative remedies precludes her from obtaining federal review of claims that would have properly been raised before the agency in the first instance." *Brito v. Garland*, 22 F.4th 240, 255 (1st Cir. 2021). While there is no statutory mandate to exhaust a claim for release in Immigration Court before presenting such claim to the district court, common-law exhaustion "allows an agency the first opportunity to apply its expertise and obviates the need for judicial review in cases in which the agency provides appropriate redress." *Id.* at 256 (cleaned up) (quoting *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167, 175–76 (1st Cir. 2016)). Here, Petitioner can appeal the IJ's decision to the BIA, which weighs in favor of dismissing his habeas petition for failure to exhaust.

### III.   CONCLUSION

For the foregoing reasons, the Court should reject Petitioner's request to remove the challenged conditions of release and otherwise deny the petition for habeas corpus.

---

[1] The IJ's approval of the ICE-imposed conditions distinguishes this case from *Orellana Juarez v. Moniz*, where another session of this court found jurisdiction under 28 U.S.C. § 2241 to review ICE-imposed GPS and ISAP conditions that were *not* approved by an IJ and where the IJ had closed the immigration case for failure to prosecute. No. 25 Civ. 11266, 2025 WL 1643097, at *2 (D. Mass. June 10, 2025).

Dated: June 13, 2025                                  Respectfully submitted,

                                                                        LEAH B. FOLEY
                                                                        United States Attorney

By:   */s/ Julian N. Canzoneri*
        Julian N. Canzoneri
        Assistant U.S. Attorney
        U.S. Attorney's Office
        John Joseph Moakley U.S. Courthouse
        One Courthouse Way, Suite 9200
        Boston, Massachusetts 02210
        (617) 748-3170
        julian.canzoneri@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on June 13, 2025.

                                                                        */s/ Julian N. Canzoneri*
                                                                        Julian N. Canzoneri
                                                                        Assistant U.S. Attorney